UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FREDERICK HACKNEY,           )
                             )
        Plaintiff,           )
                             )
vs.                          )          Case No. 4:22 CV 410 CDP
                             )
ST. LOUIS COUNTY, et al.,    )
                             )
        Defendants.          )

## MEMORANDUM AND ORDER

This 42 U.S.C. § 1983 case is currently before me on defendant Corizon's

motion to dismiss.  The motion is granted for the following reasons.

Background Facts[1]

In February 2017, plaintiff was a pretrial detainee at St. Louis Medium

Security Institution (MSI) pending trial on charges of possession of a firearm,

resisting arrest, possession of a controlled substance, and unlawful use of a

weapon.  On March 7, 2017, plaintiff was assaulted by several inmates with

"homemade napalm," a heated mixture of water and baby oil, causing severe burns

---

[1] The Court recites only the alleged facts relevant to disposition of the instant motion.  There are additional factual allegations against other defendants who have not moved to dismiss plaintiff's claims.

on plaintiff's head, ears, neck, shoulders, and back.[2]  Plaintiff alleges that he was eventually taken to MSI's medical unit.  Defendant Corizon provides medical care at MSI.  Plaintiff alleges he was examined by one of the Corizon nurses in the medical unit, who provided only Tylenol and over-the-counter burn ointment for his injuries despite the fact that he sustained first, second, and third degree burns on at least five percent of his body.

The next day, plaintiff was examined in the medical unit by a Corizon physician, who immediately sent him to the emergency room.  Plaintiff later received in-patient treatment at a hospital for his burns and was returned to MSI on March 22, 2017, with instructions to have his burns cleaned and dressed twice daily.  Plaintiff alleges that he requested the MSI nurse comply with the hospital's discharge instructions, but the nurse refused to do so and instead removed him from the list of detainees who were to receive medical care.  As a result, plaintiff went four days without having his wounds cleaned and dressed, causing him pain.

In Count III, plaintiff alleges that Corizon's refusal to provide appropriate medical care amounts to deliberate indifference to his serious medical needs in violation of the Fourth, Eighth and Fourteenth Amendments.  Although Count III contains references to failures to train and supervise, in his opposition to dismissal

---

[2] The case was removed from state court.  Although plaintiff's state-court petition refers to exhibits, the petition filed with this Court has no attached exhibits.  Plaintiff should correct this deficiency in his pleading.

plaintiff makes clear that "Corizon is not a named defendant in either plaintiff's failure to train or failure to supervise counts.  Rather, Corizon's liability in this matter arises out of its failure to provide plaintiff with adequate medical care . . . ." (Doc. 21 at 14).  Plaintiff argues that he has sufficiently alleged "one or more policies, procedures, and/or customs that Corizon failed to either follow or develop which, as alleged, resulted in damage to plaintiff."  (Doc. 21 at 14-15).

Discussion

Federal Rule of Civil Procedure 8 requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," with each allegation being "simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  Under Rule 12(b)(6), a party may move to dismiss all or part of a complaint for its failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  To overcome a Rule 12(b)(6) motion a complaint "must include enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A legally sufficient complaint will allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and will state a claim for relief that rises above mere speculation, providing more than just labels and conclusions. *Twombly*, 550 U.S. at 555.  Plausibility is not equivalent to probability, but it is something "more than a sheer possibility that a defendant has

acted unlawfully." *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000).  "The question . . . is not whether [a plaintiff] might at some later stage be able to prove [their claims]; the question is whether [a plaintiff] has adequately asserted facts (as contrasted with naked legal conclusions) to support his claims."  *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1129 (8th Cir. 2012).

In reviewing plaintiff's complaint, the Court must accept all of plaintiff's factual allegations as true and draw all inferences in his favor.  But the Court is not required to accept the legal conclusions plaintiff draws from the facts alleged. *Retro Television Network, Inc. v. Luken Commc'ns, LLC,* 696 F.3d 766, 768-69 (8th Cir. 2012).  Additionally, the Court "is not required to divine [plaintiff's] intent and create claims that are not clearly raised, . . . and it need not conjure up unpled allegations to save a complaint."  *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (cleaned up).

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad,* 73 F.3d 174, 175 (8th Cir. 1995).  Allegations of mere negligence in giving or failing to supply medical treatment will not suffice.  *Estelle,* 429 U.S. at 106.  To show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those

needs. *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997).  To state a

deliberate indifference claim against a private corporation like defendant Corizon,

plaintiff must allege that it is acting under the color of law and that "there is a

policy, custom or action by those who represent official policy that inflicts injury

actionable under § 1983." *Sanders v. Sears Roebuck & Co.,* 984 F.2d 972, 95-76

(8th Cir. 1993).

Corizon alleges that plaintiff has failed to allege that he was injured by an

unconstitutional policy, procedure, or custom of Corizon such to establish that it

was deliberately indifferent to plaintiff's serious medical needs.  The Court agrees.

Although plaintiff alleges numerous policies that it claims defendants (including

Corizon) adopted, he alleges that he was injured because one or more unnamed

Corizon employees did not follow those policies.  Plaintiff does not allege that the

nurses acted pursuant to an unconstitutional policy, practice or custom of Corizon

when they refused to immediately send plaintiff to the hospital or properly care for

his burns.  Merely alleging the existence of policies that the Corizon nurses should

have complied with (such as the American Correctional Association's standards

for correctional facility safety or the National Commission of Correctional Health

Care standards) but did not is insufficient to state a claim against Corizon.  Corizon

"cannot be held liable under § 1983 on a respondeat superior theory." *Monell v.*

*Department of Social Servs.,* 436 U.S. 658, 691 (1978).  The fact that Corizon

employed the nurses who allegedly failed to provide him with constitutionally adequate medical care does not make Corizon liable under § 1983.  *See Sanders*, 984 F.2d at 976.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [19] is granted, and plaintiff's complaint against defendant Corizon Health Inc. is dismissed.

**IT IS FURTHER ORDERED** that this case will be set for a Rule 16 conference by separate Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of September, 2022.