UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDERICK Q. HACKNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22 CV 410 CDP |
| ) | |
| CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

In this 42 U.S.C. § 1983 case, plaintiff Frederick Hackney brought claims against the City of St. Louis, one of its officials, correctional officers, and medical providers for events occurring while he was a pretrial detainee at the now-shuttered St. Louis Medium Security Institution (MSI). Those events included a serious assault on plaintiff by other inmates, during which plaintiff was badly burned.[1]

The case was extensively litigated and involved significant discovery and motion practice. As a result of that motion practice, I dismissed all claims except for a First Amendment retaliation claim against correctional officer Samella Moss and a failure to protect claim against correctional officer Angelica Woods. ECF 23, 94. Plaintiff alleged that Woods witnessed the attack and failed to intervene or call for assistance. Moss and Woods eventually moved for summary judgment. ECF 95. In

---

[1] Plaintiff was hospitalized for his injuries.

her motion for summary judgment, Woods argued that she was not the correctional officer named Ms. Woods on duty at MSI the day of plaintiff's attack. Instead, it was correctional officer Jasmine Woods who witnessed the assault on plaintiff. ECF 97. In opposition to summary judgment, plaintiff moved to dismiss his claim against Woods. ECF 100. I granted that request, along with Moss's motion for summary judgment. ECF 106.

Defendants have filed a Bill of Costs, to which plaintiff has not objected, seeking $956.30 in costs for deposition transcripts necessarily obtained for use in this case. ECF 108. The depositions were of plaintiff and defendants Woods and Moss. As I find these costs are properly taxable, I will order the Clerk of the Court to tax costs against plaintiff in the amount requested.

Defendants also seek an award of attorney's fees in the amount of $5,025 for fees associated with defending Woods after it allegedly became clear that plaintiff's claim against Woods was groundless. Those fees represent the amount of time counsel estimate they spent preparing Woods's portion of the summary judgment motion. Because defendants are represented by government attorneys who do not keep itemized billing and time records, defense counsel submitted affidavits attesting to the hours expended and opining on the reasonable rate of their services. Plaintiff objects to an award of fees, arguing that defendants have not met the high standard of demonstrating that his claim against Woods was groundless and that the requested

fees are excessive and not adequately supported with documentation.

After due consideration, I decline to award attorney's fees to defendants in this case.

"A prevailing defendant in an action under 42 U.S.C. § 1983 may recover attorney's fees from a plaintiff only in limited circumstances: when the claims were 'frivolous, unreasonable, or groundless,' or 'the plaintiff continued to litigate after it clearly became so.'" *Henderson v. Springfield R-12 School District*, 116 F.4th 804, 813 (8th Cir. 2024) (quoting *Hughes v. Rowe*, 449 U.S. 5, 14-15 (1980) (cleaned up)).

Here, defendants contend that plaintiff should have realized that his claim against Woods was groundless in March of 2024 when defense counsel forwarded documents to plaintiff's counsel demonstrating that Woods was not working at MSI at the time of plaintiff's attack. Moreover, defendants point to their Rule 26 disclosures, in which they identify Jasmine Woods as a witness who saw at least some of the attack on plaintiff. Additionally, plaintiff deposed Woods on July 23, 2024, during which time Woods testified that she was a correctional officer at the St. Louis City Justice Center, not MSI, when plaintiff was attacked and that her uniform bore her married name of McGraw, not Woods, at that time. ECF 97-8. Defendants filed their motion for summary judgment three days later.

Despite this evidence presented to plaintiff, the Court concludes that plaintiff did not continue to litigate his claim against defendant Woods after it clearly became

3

groundless to do so.  Defendants' Rule 26 disclosures do not state that defendant Woods was not present at MSI at the time of the attack on plaintiff, nor does the disclosure of a witness named Jasmine Woods foreclose the possibility that defendant Woods was also involved in the events giving rise to plaintiff's claims.  As for Woods's testimony, although she testified that she was not at MSI for the attack, plaintiff testified otherwise in his deposition.  Defendants present no evidence that his testimony was intentionally false as opposed to mistaken.  A factual dispute does not convert plaintiff's claim into a groundless one, even where plaintiff was ultimately mistaken as to the identity of the correctional officer who witnessed his attack.

There is no dispute that plaintiff was assaulted and seriously injured while a detainee at MSI.  Given the nature of the allegations and the complexity of the case, the Court cannot conclude that plaintiff's failure to dismiss his claim against Woods prior to summary judgment amounts to groundless litigation justifying the imposition of attorney's fees against a prisoner litigant in a § 1983 case.  When faced with Woods's properly supported motion for summary judgment arguing that she was not the correctional officer who witnessed the attack, plaintiff moved to dismiss his claim against her and continued to litigate solely against defendant Moss.  Under the circumstances of this case, plaintiff's position was a reasonable one, and defendants are not entitled to an award of fees.

The amount of fees sought is also unreasonable for the work performed. Woods's argument in support of her summary judgment motion amounts to less than two pages in the supporting memorandum and ten numbered paragraphs in the Statement of Undisputed Material Facts.  ECF 96, 97.  Yet defense counsel seek 19.5 total hours of attorney time for this work.  ECF 110.  Even if this were an accurate estimate of the hours spent working solely on the claim against Woods, this is not a reasonable amount of hours to spend on this straightforward, factual argument.  Nor does counsel's explanation – that one of the lawyers is inexperienced and therefore more time was necessary – demonstrate that the number of hours expended was reasonable.  Thus, even if defendants had met the high threshold of demonstrating that they were entitled to an award of fees – which they have not – they would not be entitled to an award in the amount sought.

Accordingly,

**IT IS HEREBY ORDERED** that the motion for bill of costs [108] is granted, and the Clerk of Court shall tax costs in the amount requested.

**IT IS FURTHER ORDERED** that the motion for attorney's fees [109] is denied.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of November, 2024.